[No. 45487. En Banc. December 21, 1978.]

LYLE WOOD PRODUCTS, INC., *Respondent*, v. THE
DEPARTMENT OF REVENUE, *Appellant*.

*Slade Gorton, Attorney General*, and *Matthew J. Coyle,
Assistant*, for appellant.

*Kane, Vandeberg & Hartinger*, by *Harold T. Hartinger*,
for respondent.

*Slade Gorton, Attorney General*, and *Nixon J. Handy,
Assistant*, on behalf of Department of Natural Resources,
amici curiae.

HOROWITZ, J.—The question here is whether subcontracts for the performance of logging services which include construction of logging roads on state land are sales of road building services for the purposes of retail sales tax, RCW 82.08. The court below held that construction of logging roads is a logging activity and not road building, thereby exempting the performances of such services under logging subcontracts from application of the tax. We affirm.

In 1972 respondent Lyle Wood Products (Lyle), a lumber and wood products manufacturer, successfully bid at two public auctions for the purchase of timber on state owned lands. Lyle entered into standard form agreements with the Department of Natural Resources (DNR) governing the sales. These agreements regulated, among other logging activities, the construction and placing of logging roads necessary for performance of the contracts.

Logging roads are an integral part of logging activities. They provide access to the timber, and a means for hauling cut timber off state lands. Construction of these roads is a part of a logger's costs, and must be included in calculations for bidding at public auction. For this reason DNR customarily includes an estimate of road costs in its prospectus for bidders.

Once a logging contract has been completed, the roads are used by the State for general land management, access to other timber sales, and public recreation. Despite the road acquisition aspect of timber sales contracts, however, this court held in *Peshastin Lumber & Box, Inc. v. State*, 61 Wn.2d 413, 378 P.2d 420 (1963) that loggers purchasing timber from the State under contracts regulating the construction and placement of logging roads are not engaged in the business of building public roads for purposes of the business and occupation tax. We noted there that the State cannot require logging roads built under state timber contracts to meet any higher standard than a prudent operator finds necessary to remove the timber. The court concluded that construction of logging roads is a cost to the logger of doing business for which the logger receives no additional

remuneration, and is thus not a taxable activity. Under the *Peshastin* rationale, it is clear there was no retail sale of road building services from Lyle to DNR in this case.

Lyle, however, entered into subcontracts for the performance of all logging activities required under its contracts with DNR, including the construction of logging roads. After auditing Lyle's business activities through 1974, the Department of Revenue (the Department) assessed retail sales taxes against the road building labor and services purchased by Lyle through the subcontracts. Although the Department did not treat the logging contracts between DNR and Lyle as including a retail sale of road building services (as, indeed, it could not under the rule of *Peshastin*), it did treat the subcontracts for performance of the very same logging activities as including such a retail sale. It therefore issued a tax assessment against Lyle in the amount of $5,713.16, as the purchaser of road building services at retail.

Lyle paid the tax assessment, but obtained a formal hearing before the Board of Tax Appeals. The Board upheld the assessment, finding Lyle was a purchaser of road building services in a retail sale transaction, even though there was no retail sale of such services from Lyle to DNR. Pursuant to the administrative procedures act, Lyle appealed the Board's order to the Superior Court for Pierce County. The trial judge reversed the Board, concluding that logging road construction is not to be treated differently from other logging activities, and the purchase of labor and services related to such construction is not a retail sale. The court held in the alternative that if such services were treated as separate and independent from logging activities, *i.e.*, as road building, then Lyle was a wholesaler of such services to DNR, and was not obligated to pay a retail sales tax. The court entered judgment in favor of Lyle, ordering the Department to repay the tax with interest. The Department appeals from this judgment. Since we agree that logging road construction performed under logging subcontracts is a logging activity and is not subject to retail

sales tax, we do not reach the question whether Lyle was a wholesaler of such services to DNR.

 The issue presented is essentially the way in which construction of logging roads should be characterized. The Department argues that logging roads are nonetheless *roads,* and that services rendered in the construction of roads on state property are within the definition of a retail sale. RCW 82.04.050. Thus, while the Department is pre-cluded by *Peshastin* from finding a retail sale of such services from Lyle to DNR, it argues the statute may be applied to the transactions between Lyle and its subcontractors. We do not agree. If road building services are not a part of logging activities sold to the State under its prime timber contracts, they do not suddenly materialize as a part of the same activities being performed under subcontracts. The rationale of *Peshastin* is applicable to both contracts and subcontracts for logging activities. In other words, persons engaged in logging activities are not engaged in road building, for tax purposes, whether they are performing under a prime contract or a subcontract.

 Since *Peshastin,* decided in 1963, there have been many amendments to the retail sales tax statutes. The legislature at no time has acted to include any part of logging labor and services within the meaning of a retail sale. Furthermore, the Department has not heretofore imposed retail sales taxes on the logging road element of logging subcontracts. We find no indication that the legislature intended the result now urged by the Department. Under these circumstances we must construe the tax statute strictly against the government and in favor of the taxpayer. *Department of Revenue v. Hoppe,* 82 Wn.2d 549, 512 P.2d 1094 (1973).

We hold that construction of logging roads pursuant to standard regulations imposed by DNR in sales of timber on state owned land, whether performed under a prime contract or under a subcontract, is a logging activity and not a road building service. As such it is not subject to retail sales tax.

Affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, and HICKS, JJ., concur.